959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reed DIXON, Petitioner-Appellant,
v.
James ROWLAND, Respondent-Appellee.
 No. 91-15370.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 1, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reed Dixon, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. In his petition, Dixon asserted that (1) he was denied a fair trial because the prosecutor made improper comments during closing argument and (2) he was denied effective assistance of counsel because his attorney failed to object to the prosecutor's comments. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 The district court properly determined that Dixon procedurally defaulted on his claim of prosecutorial misconduct. The California Court of Appeal dismissed Dixon's claim of prosecutorial misconduct on procedural grounds. See Coleman v. Thompson, 111 S.Ct. 2546, 2557 (1991) (state court's denial "must fairly appear to rest primarily on federal law or to be interwoven with federal law"); id. at 2571-73 (Blackmun, J., dissenting) ("[s]tate need not bear the burden of making clear its intent to rely [ ] on a [procedural] rule"). The California Supreme Court summarily denied Dixon's petition for review, which we presume is a denial based on the same procedural ground as that in the appeal court's opinion. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594-95 (1991). Dixon cannot obtain federal habeas relief on his claim because he has not shown cause for and actual prejudice from his procedural default. See Engle v. Isaac, 456 U.S. 107, 129 (1982).
 
 
 4
 The district court also properly denied Dixon's petition as to his claim of ineffective assistance of counsel. Counsel's failure to object to the prosecutor's comments does not fall outside the "wide range of reasonable professional assistance" such that it constitutes deficient performance. See Strickland v. Washington, 466 U.S. 668, 687, 689 (1984). Moreover, Dixon has not shown prejudice from his counsel's alleged error. Id. at 694.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Dixon's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3