985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mack Charles THOMAS, Petitioner-Appellant,
v.
James A. THOMAS, et al., Respondents-Appellees.
 No. 92-16453.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mack Charles Thomas, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Thomas was convicted for theft and trafficking in stolen property. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We reverse and remand.
 
 Jurisdiction
 
 3
 Respondent contends that this court has no jurisdiction to consider Thomas's appeal because he did not file a timely notice of appeal from the district court's order of June 25, 1992, dismissing Thomas's petition without prejudice for failure to exhaust state remedies and allowing him thirty days to amend the petition. On July 9, 1992, Thomas filed an amended petition which was denied on July 21. Thomas filed his notice of appeal seven days later. Under Fed.R.App.P. 4(a), a petitioner has thirty days to file a notice of appeal from the district court's entry of judgment. Respondent's assertion that Thomas failed to file a timely notice of appeal after the June 25, 1992 order is incorrect because judgment was not entered in the case until July 21, 1992, after which Thomas filed a timely notice of appeal. Therefore, we have jurisdiction to hear the appeal.
 
 Procedural Default
 
 4
 Thomas's contention is that the district court incorrectly determined that his claims of were procedurally barred. A petition for habeas corpus may not be considered by a federal court unless the petitioner has presented the claims raised in the petition to the highest state court or demonstrates that there are no available state remedies. Rose v. Lundy, 455 U.S. 509, 515 (1982); 28 U.S.C. § 2254(b). Moreover, a federal court may not address a constitutional claim decided by a state court if that court's decision rests upon an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54 (1991). In order for a claim to be procedurally barred on federal habeas, the state court addressing the claim must clearly and expressly rely on an independent and adequate ground. Id. at 2557; Harris v. Reed, 489 U.S. 255, 265 (1989); Hunter v. Aispuro, No. 90-16398, slip op. 14949, 14957 (9th Cir. Dec. 31, 1992). If a state court could deny a claim on procedural grounds, but instead addresses the constitutional question on the merits, a federal court may also reach the merits of the claim on a habeas petition. County Court of Ulster County v. Allen, 442 U.S. 140, 154 (1979). Where the highest state court does not explain the reason for denying a claim, a federal habeas court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991). If the decision of the last state court fairly appears to rest primarily on federal law, or to be interwoven with federal law, a federal habeas court may address the merits of the claim. Coleman, 111 S.Ct. at 2557.
 
 
 5
 Thomas filed a habeas petition in the district court on February 6, 1992. The district court dismissed the petition without prejudice on June 25, 1992 for failure to exhaust state remedies and gave Thomas thirty days to file an amended petition. Thomas filed an amended petition on July 9, 1992, abandoning two of the four claims raised in his original petition. The remaining two claims had been raised in the Arizona Supreme Court pursuant to a state petition for habeas corpus. The Arizona Supreme Court denied the petition on the grounds that Thomas did not present a claim "upon which relief can be obtained". Clearly, Thomas has satisfied the exhaustion requirement by presenting his claims to the Arizona Supreme Court. See Rose, 455 U.S. at 515. Moreover, the Arizona Supreme Court's decision to deny relief does not rest upon an independent and adequate state ground. At most, the Arizona Supreme Court's decision is ambiguous. However, there are no earlier state court opinions denying Thomas's claims on procedural grounds. See Ylst, 111 S.Ct. at 2594. Because of the absence of a clear and express application of an independent and adequate state procedural rule by the Arizona Supreme Court, Thomas's claims are not in procedural default for purposes of his federal habeas petition. See Harris, 489 U.S. at 265; Hunter, No. 90-16398, slip op. at 14957. Therefore, we reverse the judgment of the district court and remand for the court to consider the merits Thomas's habeas petition.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3