16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Reginald KING, Petitioner-Appellant,
v.
Donald STEWARD, Warden, Respondent-Appellee.
 No. 93-5878.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Reginald King, a pro se Kentucky prisoner, appeals a district court judgment dismissing his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1981, after a jury trial, King was convicted of six counts of first-degree robbery and was found to be a second-degree persistent felony offender. He received a sentence of three concurrent twenty-year terms of imprisonment for the first three counts, to run consecutively to three, twenty-year concurrent terms for the remaining three counts. The total sentence was thus forty years. The jury had recommended a total of ten years.
 
 
 3
 The Kentucky Supreme Court affirmed King's convictions on direct appeal. King then filed a Ky.R.Crim.P. 11.42 motion challenging his conviction based upon the testimony given by one witness at his trial. The Jefferson County Circuit Court overruled this motion, and the Kentucky Court of Appeals affirmed the denial of post-conviction relief.
 
 
 4
 King then filed a motion for modification of judgment pursuant to Ky.Rev.Stat. Sec. 532.110, seeking concurrent terms of imprisonment. The motion was denied by the circuit court. After the filing of an appeal, the Kentucky Court of Appeals permitted King's counsel to withdraw and ordered King to file a pro se brief in support of his motion. King did not file a brief or respond to the court's order, and his appeal was therefore dismissed for failure to perfect his appeal within the time allowed. No appeal was taken from this judgment. He then filed a motion for resentencing in the circuit court, and that motion was also denied.
 
 
 5
 King then filed his federal habeas corpus petition challenging his sentence on two grounds. He claimed that the trial court erred by not imposing the sentence recommended by the jury, and that the trial court violated his due process rights by not making each sentence concurrent. The district court found these claims frivolous and denied habeas relief. On appeal, King continues to argue the merits of his case. The respondent has notified the court that he will not be filing a brief.
 
 
 6
 Although the district court evaluated the merits of petitioner's claims, it need not have done so because the Kentucky Court of Appeals, the last state court to offer a reasoned opinion for its action, explicitly dismissed due to a procedural default. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2592 (1991). King has not shown any cause or prejudice to excuse this procedural default. See Wainwright v. Sykes, 443 U.S. 72-86-87 (1977). Furthermore, given the meritless nature of King's claims, it is clear that he has suffered no prejudice.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.