57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John TIEDJEN, Petitioner-Appellant,
v.
Philip PARKER, Warden, Respondent-Appellee.
 No. 94-3027.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1995.
 
 Before: NORRIS and SILER, Circuit Judges; and NEWBLATT, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner, John Tiedjen, appeals the order dismissing his petition for a writ of habeas corpus. For the following reasons, the district court's decision is AFFIRMED.
 
 I.
 
 2
 Tiedjen was convicted in Cuyahoga County, Ohio, of one count of murder, with a gun specification, and sentenced to serve a term of imprisonment of fifteen years to life, and three years for the gun specification. His court-appointed counsel, John Gibbons, appealed to the Ohio Court of Appeals on the following two assignments of error: (1) the trial court erred in failing to instruct the jury on the law of self-defense; and (2) the trial court erred by permitting the prosecutor to comment upon the defendant's failure to testify.
 
 
 3
 Approximately eight months after filing his appellate brief, Tiedjen, represented by retained counsel, filed pleadings requesting leave to file supplemental assignments of error and brief of appellant, advancing seven additional assignments of error. On June 11, 1990, the appellate court denied the motion for leave to file instanter supplemental assignments of error and brief, and ordered the additional arguments stricken from the record. On February 7, 1991, the appellate court affirmed the conviction. On July 24, 1991, the Supreme Court of Ohio dismissed Tiedjen's appeal, without opinion.
 
 
 4
 Tiedjen then filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 which was denied by the district court.
 
 II.
 
 5
 Tiedjen argues that he was denied his right to counsel of choice when the state appellate court denied his motion for leave to file supplemental assignments of error and brief by retained counsel. This argument is meritless and does not warrant extended discussion. Simply put, the right to counsel of choice does not encompass the right to have a newly retained attorney file supplemental briefs eight months after the original brief was filed--especially where the additional assignments of error are ones that the court-appointed attorney strategically chose not to address. Cf. Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir. 1986) ("Plaintiff's argument on this issue was raised for the first time in his reply brief. Accordingly, it will not be considered on appeal.... Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived."). We affirm the district court's determination that Tiedjen was not denied his right to counsel of choice.[1]
 
 III.
 
 6
 The Ohio appellate court held that Tiedjen's procedural default precluded review of the seven additional assignments of error. Tiedjen argues that his supplemental assignments of error should be heard because his procedural default was based on the denial of his right to both effective assistance of counsel and counsel of choice.[2]
 
 
 7
 Independent and adequate state grounds doctrine prohibits federal courts from addressing habeas corpus claims of state prisoners when state law default prevented the state court from reaching the merits of the federal claims. Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). Tiedjen's procedural default at the state court level will preclude review of the additional assignments of error, unless he can satisfy a "cause and prejudice" standard justifying the default. Wainwright v. Sykes, 433 U.S. 72, 84 (1977). In order to constitute "cause," attorney error on appeal must rise to the level of ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 8
 The district court held that merit review of the additional claims was precluded by Tiedjen's failure to demonstrate the denial of any rights regarding the assistance of counsel. We affirm this holding. The decision of Tiedjen's counsel to raise two arguments on appeal, as opposed to nine arguments, does not amount to ineffective assistance of counsel. Appellate counsel has no constitutional duty to raise every non-frivolous issue suggested by a defendant. Smith v. Murray, 477 U.S. 527 (1987). The obligation of appellate counsel is to "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." McCoy v. Court of Appeals, Dist. 1, 486 U.S. 429, 438 (1988). Counsel's decision to argue one of several key issues does not violate this obligation. Jones v. Barnes, 463 U.S. 745 (1983).
 
 IV.
 
 9
 Next, Tiedjen argues that the prosecutor's indirect references to his failure to testify violated his Fifth Amendment rights. One of the indirect references is set forth below:
 
 
 10
 As I said before, you have been presented with no justification for the shooting. Therefore, the only thing that you can consider is that he purposely caused his death.
 
 
 11
 You don't have a reason for that. As I indicated to you before, ladies and gentlemen, I don't have to prove to you a motive. All I have to show you is that he unlawfully, purposefully caused the death of Brian McGary; and it was accomplished by means of the firearm.
 
 
 12
 A prosecutor's comments concerning the defendant's failure to testify may violate the Fifth Amendment. Griffin v. California, 380 U.S. 609 (1965). However, "before habeas relief is granted, the prosecutor's statements must be so egregious as to render the trial fundamentally unfair. This determination is to be made by evaluating the totality of the circumstances surrounding each individual case." Angel v. Overberg, 682 F.2d 605, 607-08 (6th Cir. 1982) (en banc) (citation omitted). Four factors are used to determine whether indirect references amount to a constitutional deprivation:
 
 
 13
 1) Were the comments "manifestly intended" to reflect on the accused's silence or of such a character that the jury would "naturally and necessarily" take them as such;
 
 
 14
 2) were the remarks isolated or extensive;
 
 
 15
 3) was the evidence of guilt otherwise overwhelming;
 
 
 16
 4) what curative instructions were given and when.
 
 
 17
 Lent v. Wells, 861 F.2d 972, 975 (6th Cir. 1988) (citing Hearn v. Mintzes, 708 F.2d 1072, 1077 (6th Cir. 1983), cert. denied, 489 U.S. 1100 (1989)).
 
 
 18
 The first factor of "manifest intent" is negated if the reviewing court can find any other "equally plausible" explanation for the prosecutor's remarks. Lent v. Wells, 861 F.2d at 975. The Ohio appellate court concluded that the comments failed to directly refer to Tiedjen's decision not to testify at trial, but rather, addressed "the strength of the state's evidence" and the weakness of the defense in general.[3] The district court followed that conclusion.
 
 
 19
 The district court also found that: (1) the remarks were isolated, (2) the evidence of guilt was overwhelming, and (3) the judge instructed the jury a number of times that Tiedjen's decision not to testify could not be used against him. Based upon a review of the record, we uphold the district court's findings, and conclude that Tiedjen's Fifth Amendment rights were not violated.
 
 V.
 
 20
 Finally, Tiedjen claims that the trial court's refusal to instruct the jury on self-defense amounted to deprivation of his constitutional rights. The Ohio courts found that the evidence did not warrant such an instruction.[4]
 
 
 21
 The district court found that this finding was one of historical fact and could not be disturbed, unless Tiedjen could establish one of the conditions enumerated at 28 U.S.C. Sec. 2254(d). Marshall v. Lonberger, 459 U.S. 422 (1983). It held that Tiedjen failed to make such a showing, and, thus, there was no federal constitutional deprivation. A review of the record supports this holding.
 
 
 22
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Stewart Newblatt, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The magistrate judge and the district court analyzed the issue as if the Ohio appellate court denied a motion to substitute counsel. Tiedjen does not argue that he made a motion to substitute appellate counsel that was subsequently denied by the Ohio appellate court. In his appellate brief, Tiedjen states that he "was seeking ..., not to substitute counsel that had been appointed, but merely to supplement those issues that had been presented." Accordingly, we have no reason to address the issue of substitution of appellate counsel
 
 
 [2]
 Tiedjen was not denied his right to counsel of choice based on the analysis set forth in the previous section. Thus, this section will only analyze the claim regarding ineffective assistance of counsel
 
 
 [3]
 The appellate court also noted that Tiedjen failed to object to the statements at trial
 
 
 [4]
 Moreover, the trial court found that such an instruction would be inconsistent with the defendant's trial theory that either he did not commit the murder or he was intoxicated and unaware that he committed the murder