69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael CASTIGLIONE, and John Castiglione, Petitioners-Appellants,
v.
Odie WASHINGTON, Respondent-Appellee.
 No. 94-3850.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.
Decided Oct. 23, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioners Michael Castiglione and John Castiglione, state prisoners, appeal from a district court order denying their petitions for writs of habeas corpus, 28 U.S.C. Sec. 2254. On appeal, petitioners challenge only the district court's finding that their due process rights were not violated by the state trial judge's[2] bias, as demonstrated by the judge's warning, five months before trial, that he would not tolerate threats against himself, his family, or witnesses. The judge stated to defense counsel, at a hearing on the state's motion to increase bail:
 
 
 2
 I would like to advise you to advise your client, that if I hear of any intimidation by him, or any member of his family on this court, or any members of the victims involved herein, that this court will take severe action on that, and I want him to know it.
 
 
 3
 Defense counsel asked if the judge had some basis for the remark, and the judge responded, "I certainly do, and I'm not going to be intimidated, and I'm not going to be precluded from doing my duty in this case."
 
 
 4
 Five months later, a bench trial was held before the same judge, and petitioners were found guilty of murder. At a hearing on petitioner's post-trial motion for a new trial, prior to the sentencing hearing, petitioners argued that the judge should have sua sponte recused himself because a threat had been communicated to him prior to trial. The trial judge responded that the challenged comments occurred prior to trial and petitioners "should have taken affirmative action" at that time. Later during that hearing, the judge stated:
 
 
 5
 And whatever you did or anybody else did is no concern. What happened outside of this courtroom is no concern.... I am not swayed by any other matters that may have arisen outside of this courtroom that had nothing to do with the trial of this case.
 
 
 6
 In the subsequent sentencing hearing, the same judge sentenced the brothers, Michael and John, respectively, to 30 and 35 years' imprisonment. The Illinois Appellate Court affirmed, People v. Castiglione, 150 Ill.App.3d 459, 501 N.E.2d 923 (1986), but the bias issue was not raised in the direct appeal. The Illinois Supreme Court denied the petition for leave to appeal. In a post-conviction petition, the bias issue was raised, and the circuit court dismissed the petition. The Illinois Appellate Court affirmed that denial, People v. Castiglione, No. 1-90-1625 (Ill.App., 1st Dist. June 7, 1991) (unpublished order), and the Illinois Supreme Court again denied the petition for leave to appeal.[3]
 
 
 7
 Certainly a defendant is entitled to a fair trial, which includes the right to an unbiased judge, but most matters relating to judicial disqualification fail to rise to the level of a due process violation. Aetna Life Insurance Co. v. Lavoi, 478 U.S. 813, 820 (1986). Under a constitutional analysis, petitioners here have failed to show either the requisite actual bias or "an influence or interest we can conclusively presume would cause the average judge to be biased." Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1378 (7th Cir.1994) (en banc). Nothing in the statements made by the trial judge here indicate more than a standard warning given to two defendants accused of an extremely violent murder. The judge qualified his remarks with the phrase "if I hear of any intimidation." The judge's response to defense counsel's inquiry into whether he had any basis ("I certainly do") for the warning may only refer to his experience in trying violent cases. This is particularly so since the judge expressly stated that whatever "matters that may have arisen outside of [the] courtroom," they had "nothing to do with the trial of this case."
 
 
 8
 Moreover, the challenged remark was made five months before trial, and there was no motion for a substitution of judge filed. Most significantly, petitioners can point to nothing which occurred during the trial that might indicate bias, and we see no conduct in the record that might tend to show bias. In fact, three Illinois courts have upheld the judge's decisions in connection with petitioners' convictions. Given this record, we refuse to speculate that petitioners threatened the judge,[4] or that the judge received some unknown communication, made at an unknown time, from an unidentified source, threatening unspecified conduct toward a nameless victim. Had there actually been a threat made, there would be no reason for the judge not to make that occurrence known on the record, even if he did not specify the details of the threat. And typically such threats--to be at all effective--would not be made half a year prior to trial, at a hearing on a motion to increase bail.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 The subsequent departure of that judge, Arthur Cieslak, from the bench has no specific relevance to the question of whether he showed bias in connection with petitioners' trial, and contrary to petitioners' argument, does not raise some vague type of general absence of honest or integrity that might have affected petitioners' convictions
 
 
 [3]
 While the issue was not raised prior to trial or in the direct appeal, the Illinois Appellate Court hearing the appeal from the denial of the post-conviction petition, treated the issue on the merits, and therefore no procedural default resulted. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991)
 
 
 [4]
 The defendant even suggests that during the bail hearing, the court reporter may not have captured a "non-verbal gesture or expression of the petitioners" directed at the judge