133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David A. BROWN, Petitioner-Appellant,
v.
Theo WHITE, Warden; Attorney General, State of California,
Respondents-Appellees.
 No. 96-55297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner David A. Brown appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm. +
 
 I. Sufficiency of the Evidence
 
 3
 Brown contends that he is entitled to habeas relief because the evidence was insufficient to support the jury's finding that he murdered his wife for financial gain. We disagree. Brown collected a total of $842,000 in insurance proceeds from the murder of his 23-year-old wife Brown's wife had obtained a total of $400,000 in life insurance and an additional $350,000 in accidental death coverage all in the year preceding her murder; another application for an additional $200,000 in life insurance and $200,000 in accidental death coverage was pending at the time of her death. Expert testimony indicated that a 23-year-old housewife with this amount of insurance was overinsured, and that overinsurance was avoided to prevent the temptation to murder the insured for the proceeds. Viewing this evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could find beyond a reasonable doubt that Brown arranged his wife's murder for financial gain. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Cal.Penal Code § 190.2(a)(1) (1987); see also People v. Hamilton, 774 P.2d 730, 752 (Cal.1989) (holding that murder committed to obtain life insurance policy proceeds meets the definition of Cal.Penal Code § 190.2(a)(1)).
 
 II. Prosecutorial Misconduct
 
 4
 Brown contends that the prosecutor violated his due process rights by asking numerous leading questions and impermissibly vouching for the credibility of Brown's coconspirators. Both contentions lack merit. First, the trial court sustained defense counsel's objections to the proseccutor's leading questions. See Turner v. Marshall, 63 F.3d 807, 818 (9th Cir.1995) (no denial of defendant's due process rights where judge sustains objections to leading questions). Second, the prosecutor did not vouch for the credibility of any witnesses.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown also contends that: (1) the prosecutor had a conflict of interest because Brown had plotted his murder; and (2) the prosecutor lied during his opening statement, when he said that one of Brown's coconspirators had not received any sentencing guarantees in exchange for her testimony against Brown. We agree with the district court that the state court of appeals properly invoked procedural bar of these claims because Brown withdrew his motion to recuse the prosecutor and failed to object at trial to the prosecutor's opening statements. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Furthermore, both claims fail on the merits