**Rodney Allen COOPER, Petitioner—Appellant,**

v.

**Anthony LAMARQUE, Respondent—Appellee.**

No. 03–15933.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided July 6, 2004.

Rodney Allen Cooper, Corcoran, CA, pro se.

Allison Claire, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty Atty Gen, Jeffrey D. Firestone, Esq., Office of the Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, HUG, and TALLMAN, Circuit Judges.

## MEMORANDUM [*]

Petitioner Rodney Cooper appeals the district court's denial of his petition for a writ of habeas corpus. He challenges his state court conviction for attempted first-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

degree murder, arguing that his due process rights were violated because the evidence presented at his trial was insufficient to establish two elements of the crime: 1) premeditation, and 2) malice.

On October 24, 1995, three officers of the Fresno Police Department were driving in an unmarked car through southwest Fresno. As their car approached an intersection, the officer who was driving realized that he needed to turn around, and executed a U-turn at the intersection. The car's headlights swept over a group of persons walking on the sidewalk. As the car made the turn, the officers saw a man in a yellow jacket reach into the waistband of his pants, pull out a handgun, and aim it at the car. The officers took cover and heard the sound of two shots being fired. When the officers next looked, the man in the yellow jacket was standing behind a tree nearby. One of the officers fired four shots at him, and two shots were returned from an unknown source. The officers then drove away from the scene. Cooper was wearing a yellow jacket when he was apprehended at a liquor store near the intersection soon after the shooting.

We review de novo the denial of a 28 U.S.C. § 2254 habeas petition. *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003). Because Cooper filed his habeas petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its provisions apply to this appeal. *Jeffries v. Wood,* 114 F.3d 1484, 1499 (9th Cir.1997) (en banc). Under AEDPA, a habeas petitioner may be granted relief if the state court's decision

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has set the standard for considering an insufficiency of the evidence claim. A reviewing court must determine whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Because the California Supreme Court denied the petition for review without explanation, we review the state appellate court's opinion rejecting Cooper's appeal. *See Ylst v. Nunnemaker,* 501 U.S. 797, 804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n. 2 (9th Cir.2000).

Cooper's brief contends that the speed with which he reacted to the police officers' U-turn indicates that he acted spontaneously. He also asserts that the officers' U-turn was consistent with a car setting up a drive-by shooting, and that he shot in self-defense. Though this argument tenders a rational explanation for his actions, it is not the only rational explanation. Cooper's arming himself with a loaded weapon, aiming it at the front passenger seat of the car with two hands, and firing two rounds, could convince a rational factfinder that Cooper acted in a deliberate and premeditated manner. The swiftness of a defendant's actions is not inconsistent with a finding of premeditation. *Drayden v. White,* 232 F.3d 704, 710 (9th Cir.2000) ("California law recognizes that premeditation can occur in a short period of time, provided that the evidence demonstrates 'cold, calculated judgment' on the part of the killer.") (citing *People v. Perez,* 2 Cal.4th 1117, 1127, 9 Cal.Rptr.2d 577, 831 P.2d 1159 (1992)). The record also

supports the state appellate court's finding that a rational jury could find that Cooper acted with malice, that is, that he specifically intended to shoot and kill the person sitting in the passenger seat of the car.

Cooper has not carried his burden to show that no rational finder of fact could have found Cooper guilty beyond a reasonable doubt of all elements of attempted first-degree murder under California law. The California appellate court properly applied "clearly established" federal law in considering Cooper's appeal and we will not disturb the conviction.

**AFFIRMED.**