**Deangelo MCVAY, Petitioner—Appellant,**

v.

**E. ROE, Warden, Respondent—Appellee.**

No. 03–56426.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided May 4, 2005.

DeAngelo McVay,Lancaster, CA, pro se.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

Carl Nolan Henry, DAG, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Deangelo McVay appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 29, 1999, McVay was convicted of kidnaping James Miller for ransom, aggravated mayhem, and conspiracy to commit kidnaping for ransom in violation of California Penal Code §§ 182(a)(1), 205, 209(a). He was sentenced to a term of imprisonment for life without possibility of parole in state prison, and for a term of one year, to run consecutively.[1] McVay's direct appeals and state habeas corpus petitions were denied. McVay then filed his federal habeas petition on September 27, 2002; it was denied in full. Because the parties are familiar with the facts, we do not recite them here except as necessary to our disposition.

We review *de novo* the district court's decision to deny a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir.2003). We review the district court's findings of fact for clear error. *Id.* We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

**Gang Affiliation**

The trial court sustained objections to questions regarding the possible gang affiliation of the victim, Miller. The trial court's ruling on the objections was not error because: (1) Miller testified he was not in the Santana Block Crips gang; (2) there was no evidence McVay himself was in a gang, much less a rival gang; (3) McVay was allowed to put forth his theory to the jury by testifying that Miller was a drug dealer and a "gang banger"; (4) Detective Aguirre's report describing Miller as a gang member was neither offered nor admitted into evidence; and (5) McVay's counsel did not seek to question Miller or Detective Aguirre further on this subject.[2] Absent proof Miller was lying, further questions about the gang would only have introduced irrelevant evidence. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

**Miller's Prior Criminal Convictions**

McVay argues he should have been allowed to question Miller about his 1994 Minnesota felony conviction for fifth degree possession of marijuana. The trial court's exclusion of this evidence did not violate either the Sixth Amendment right to confrontation, nor the Fourteenth Amendment right to due process.

McVay also argues that the prosecutor received a fax that suggested Miller might

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The California Court of Appeal's decision is the last reasoned decision of the state courts,

so it is the one we shall review. *Ylst v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

2. McVay does not raise a claim of ineffective assistance of counsel.

have been convicted of aggravated assault in Minnesota. There is no evidence of any such fax or any such conviction in the record, nor was the issue ever presented to the trial court for a ruling.

**Hearsay Testimony from Blow Through Detective Aguirre**

McVay argues that the trial court erred in allowing Detective Aguirre to testify to what Michael Blow told him in an out-of-court interview because this was hearsay. We assume for purposes of our analysis that the trial court's ruling was error, *see Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and that this error was not waived. *See United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Nevertheless the error was harmless on this record because it did not have "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

**AFFIRMED.**