**Louis Sebastian RODRIGUEZ, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent— Appellee.**

No. 03–56994.

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2005.*

Decided May 17, 2005.

William P. Healy, Esq., Flagler Beach, FL, for Petitioner—Appellant.

Steven Edward Mercer, Peggie Bradford Tarwater, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent—Appellee.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and LOVELL,** District Judge.

MEMORANDUM ***

Louis Sebastian Rodriguez appeals the district court's denial of his 28 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles C. Lovell, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

§ 2254 habeas corpus petition. Rodriguez challenges his twenty-five years to life sentence imposed under California's Three Strikes Law, Cal.Penal Code §§ 667(d), 667(e)(2), 1170.12(b) and 1170.12(c)(2), for a petty theft with a prior conviction under Cal.Penal Code § 666. He argues that his sentence is an unreasonable application of federal law, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Rodriguez pled guilty to petty theft of a package of cheese and two candy bars, worth about $4.00. The "prior" to which he pled, however, was in fact thirty-three robbery convictions. We review the California Court of Appeal's decision on this claim, as it is the last reasoned state court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

Although the state Court of Appeal's decision was issued before *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003,) and *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), it was not contrary to, nor did it involve an unreasonable application of, then-clearly established federal law. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *see also Williams v. Taylor*, 529 U.S. 362, 381–82, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The Court of Appeal took into account the "nature and circumstances of appellant's current felony offense and qualifying prior felony convictions" when it affirmed Rodriguez's three-strikes sentence. In *Rummel v. Estelle*, 445 U.S. at 285, 100 S.Ct. 1133, the Court had upheld a sentence of life with the possibility of parole for a defendant convicted of obtaining $120 by false pretenses, with prior convictions for credit card fraud and forgery. In *Harmelin v. Michigan*, 501 U.S. at 996, 111 S.Ct. 2680, the Court upheld a sentence of life without parole for a first time offender convicted for possession of 672 grams of cocaine, finding that it was not unusual. *But see Solem v. Helm*, 463 U.S. at 303, 103 S.Ct. 3001 (finding a sentence of life without parole for uttering a "no account" check with six prior nonviolent crimes to be cruel and unusual punishment). Although the California Court of Appeal did not cite these decisions explicitly, Rodriguez's sentence, considered within the context of his recidivism, was neither contrary to nor an unreasonable application of those decisions. *See Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) ("Avoiding [the] pitfalls [of *Williams* ] does not require citation of our cases—indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").

In *Ewing*, the Court reaffirmed that "[i]n weighing the gravity of [a petitioner's] offense, [a court] must place on the scales not only his current felony, but also his long history of felony recidivism." 538 U.S. at 28, 123 S.Ct. 1179. This is precisely what the California Court of Appeal did in taking into account Rodriguez's 33 prior convictions. The district court's denial of his petition for habeas corpus is AFFIRMED.

---

courts of this circuit except as provided by

Ninth Circuit Rule 36–3.