MEMORANDUM *
Tried and convicted in California state court of first degree murder with the “special circumstance” that it was committed in the course of a robbery, Robert Anthony Drayton (“Drayton”) appeals the denial of his habeas corpus petition, arguing: (1) insufficient evidence to support the “special circumstance” verdict; (2) fundamentally erroneous jury instructions; and (8) violation of his due process right against double jeopardy for the court’s failure to record the jury’s original verdict. Applying the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d)(1), (2) (see Rios v. Rocha, 299 F.3d 796, 799 n. 4 (9th Cir.2002)), we affirm.

Sufficiency of the Evidence

We have little difficulty with Dray-ton’s claim that the evidence was insufficient to establish that his murder of Cae-dle Lenker was not merely “incidental” to his theft of her jewelry. In California, “[rjobbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.” CaLPenal Code § 211. Robbery constitutes a “special circumstance” to a murder if “[t]he murder was committed while the defendant was engaged in ... the commission of [or] attempted commission of’ the robbery, CaLPenal Code § 190.2(17)(A), and the murder was intended to facilitate or conceal the crime, People v. Green, 27 Cal.3d 1, 164 Cal.Rptr. 1, 609 P.2d 468, 505-06 (1980), overruled on unrelated grounds by People v. Hall, 41 Cal.3d 826, 226 Cal.Rptr. 112, 718 P.2d 99 (1986).
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of murder with the special circumstance beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence shows Drayton first attempted to murder Lenker and steal her purse, leaving her for dead in a river. Shortly thereafter, he returned to Lenker’s body and pulled it out of the river. Finding her still alive, Drayton completed the murder by holding his victim underwater for several minutes, kicking her in the face, and smashing her head with a large rock. He then completed the robbery, stealing several silver rings and a watch, leaving her body to float downstream. The California Court of Appeal’s decision that a rational trier of fact could have found that Drayton murdered Lender while engaged in and in order to facilitate the robbery was neither *634 an unreasonable application of clearly established federal law nor based on an unreasonable determination of the facts.

Jury Instruction

Drayton asserts that inclusion of the word “or” at a particular point in the trial court’s jury instruction on the special circumstance enhancement violated his due process right to a fair trial. Here, there is again no serious dispute that the California Court of Appeal’s decision was not an unreasonable apphcation of Supreme Court precedent. Considering the context of the entire trial, Johnson v. Texas, 509 U.S. 350, 368, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993), including two restatements of the same instruction without the word “or,” the jury instructions adequately informed the jury on the law, and the jury could not reasonably have been misled. The California Court of Appeal’s decision therefore was not contrary to, or an unreasonable apphcation of, clearly established Supreme Court precedent.

Resubmission to the Jury

Finally, Drayton argues that the trial court’s failure to record the jury’s original ambiguous verdict violated his due process and double jeopardy rights. He also argues, to the extent this claim was waived at trial, his trial counsel was constitutionally ineffective.
There is no doubt that the jury initially returned inconsistent and ambiguous jury forms. In an in-chambers meeting, the parties and the court ah agreed the verdict was inconsistent and confusing, including with respect to the special circumstance finding. The court therefore charged the jury, without objection from Drayton, to “reconsider your verdicts,” including the special circumstance charge. When asked by a juror whether “you can have murder and robbery without the special circumstances,” the court referred the juror to the jury instructions. The jury retired to deliberate further and subsequently returned a guilty verdict on the charge of robbery and first degree murder with a deadly weapon, with the special circumstance that the murder was committed during the commission of a robbery.
Because Drayton’s trial counsel did not timely object to the trial court’s rejection of the initial verdict or its instruction to the jury to resume deliberations, however, the California Court of Appeal determined Drayton “waived this argument” before the state courts.
Drayton is therefore procedurally barred in this habeas proceeding from arguing the unconstitutionality of the trial court’s resubmission of the case to the jury, unless he “can establish ‘cause and prejudice’ for the default.” Ylst v. Nunnemaker, 501 U.S. 797, 806, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). But where, as here, the “cause” asserted for the default is ineffective assistance of counsel, the ineffective assistance claim must itself be exhausted in state court. Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986). Because Drayton’s trial counsel waived objection to the resubmission and Drayton has since failed to exhaust his ineffective assistance claim for the waiver, raising it for the first time in this appeal, he is barred from making this argument here. Id. at 488-89, 106 S.Ct. 2678.
In any event, Drayton cites no relevant Supreme Court precedent clearly establishing a federal due process right against resubmission of an ambiguous jury verdict. Neither has he cited any Supreme Court precedent clearly establishing that a jury verdict is final for purposes of double jeopardy when it has been read aloud in court *635 but rejected as ambiguous by the trial judge. See, e.g., United States v. Hiland, 909 F.2d 1114, 1138 (8th Cir.1990) (verdict not accepted by trial court is not final for double jeopardy purposes); United States v. Chinchic, 655 F.2d 547, 550 (4th Cir.1981) (same); United States v. Love, 597 F.2d 81, 84-85 (6th Cir.1979) (same).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.