23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Leslie P. McGUIRE, Petitioner/Appellant,
v.
Robert FARLEY, Respondent/Appellee.
 No. 93-2733.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided April 28, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Leslie P. McGuire appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 McGuire pled guilty in 1980 to felony murder and was sentenced to forty years' imprisonment. He did not appeal directly, but he has filed three post-conviction petitions in the state court of Indiana. In the first petition, he claimed that: 1) the sentencing court failed to advise him that by pleading guilty he was waiving his constitutional rights; 2) he was coerced to plead guilty by the prosecutor's threat to file additional charges against him; and 3) the court did not advise him that his prior felony convictions could be used to enhance his sentence. See R. at 317. The trial court granted a new trial based on the claim that McGuire had not been advised of the possible sentencing enhancement. The government appealed this issue and McGuire did not cross-appeal. The Indiana Court of Appeals reversed and found that because McGuire suffered no harm he was not entitled to relief. McGuire v. State, No. 45A03-8602-PC-49 (Ind.Ct.App. Aug. 12, 1986) (McGuire I ).
 
 
 3
 In his second petition for post-conviction relief McGuire asserted these same claims along with a claim of ineffective assistance of counsel on his first post-conviction petition. The Indiana Court of Appeals concluded that by not appealing in McGuire I, or seeking to transfer to the Indiana Supreme Court, McGuire had waived the claims in the petition. The court also held that McGuire was not denied the effective assistance of trial counsel. McGuire v. State, No. 45A03-8903-PC-106 (Ind.Ct.App. Oct. 25, 1989) (McGuire II ); see R. at 317-18.
 
 
 4
 McGuire again asserted in his third petition the claims in McGuire I and the ineffective assistance claim in McGuire II, adding an ineffective assistance of post-conviction counsel claim relating to his representation in his second petition. McGuire further argued that the post-conviction court erred in not holding an evidentiary hearing on his claims of ineffective assistance of counsel. Again the Indiana Court of Appeals held that the claims were procedurally barred, that because McGuire was not entitled to relief the court did not err in failing to conduct an evidentiary hearing, and that the new ineffective assistance claim was not cognizable, as there is no right to counsel on post-conviction proceedings. McGuire v. State, No. 45A03-9106-PC-176 (Ind.App. Sept. 26, 1991) (McGuire III ).
 
 
 5
 McGuire then brought a petition for federal habeas corpus relief pursuant to 28 U.S.C. Sec. 2254, alleging essentially the same claims as in McGuire I, II and III. We agree with the district court that McGuire has procedurally defaulted. He failed to cross-appeal the issues he raised in his first post-conviction petition and therefore was barred from raising them in subsequent petitions. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991) (a federal court may review a claim that has been procedurally defaulted if the last state court presented with the issues addressed the merits). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). McGuire has not attempted to show either cause for or prejudice from his failure to appeal the issues on his first post-conviction petition.
 
 
 6
 McGuire's claims of ineffective assistance of post-conviction counsel also must fail. A prisoner has no constitutional right to counsel when mounting a collateral attack on a conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first appeal of right, and no further." Id. Because there is no constitutional right to counsel in state post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman, 111 S.Ct. at 2566.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record