62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David A. HAWKINS, Petitioner-Appellant,
v.
Chase RIVELAND, Respondent-Appellee.
 No. 94-36020.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 20, 1995.*
Decided Aug. 2, 1995.
 
 Before: NOONAN and HAWKINS, Circuit Judges; and LEW,** District Judge.
 MEMORANDUM***
 Petitioner David A. Hawkins, a Washington state prisoner, appeals from the district court's denial of his second habeas corpus petition ("second petition") pursuant to 28 U.S.C. Sec. 2254. Hawkins raised eight claims in his second petition. The district court denied Hawkins' fourth claim, in which he alleged ineffective assistance of counsel, because it concluded that it was procedurally barred from considering the claim. The district court also held that all of Hawkins' remaining claims were barred as an abuse of the writ. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. We affirm the district court.
 I.
 Hawkins was convicted of first degree felony murder in Washington state court in 1987. The trial court sentenced him to a maximum sentence of life imprisonment, with a minimum term of six hundred months. The Washington Court of Appeals affirmed Hawkins sentence and conviction, and the Washington Supreme Court denied his petition for review.
 Hawkins brought his first habeas corpus petition in 1991, alleging ineffective assistance of counsel and a failure by the state trial court to consider certain mitigating factors relevant to sentencing. The district court denied Hawkins' petition, concluding that the ineffective assistance of counsel claim was procedurally barred and that the improper sentencing claim was not a cognizable claim on federal habeas review. This Court affirmed the district court in an unpublished disposition filed on May 10, 1993.
 Hawkins filed his second petition in April 1994. He raised the following claims in that petition:
 (1) he was denied a fair trial when the state trial court failed to instruct the jury that it must be unanimous regarding the specific crime underlying the felony murder;
 (2) he was denied due process when the state failed to preserve physical evidence relevant to the crime;
 (3) he was denied due process when the trial court failed to hold a suppression hearing on arguably improper evidence;
 (4) he was denied effective assistance of counsel because his appellate counsel cut off communications with him and failed to perfect his appeal;
 (5) he was denied due process when the trial court admitted gruesome and prejudicial photographs;
 (6) he was denied due process when the trial court allowed an illegally-obtained confession into evidence;
 (7) he was denied due process when the trial court admitted certain physical evidence without proof of chain of custody; and
 (8) he was denied due process when the prosecutor referred to evidence that was not presented at trial and made improper comments during closing argument.
 Following the recommendations of a U.S. Magistrate, the District Court denied Hawkins' second petition. The court held that, because Hawkins was barred by statute from raising his ineffective assistance of counsel claim in Washington state court, the claim could not be reviewed by a federal court. With regard to Hawkins' remaining claims, the court concluded that they were an abuse of the writ and it therefore denied them.
 This court reviews a federal district court's denial of a petition for writ of habeas corpus de novo. Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988). For the reasons stated below, we affirm the district court's ruling.
 II.
 A. Ineffective Assistance of Counsel Claim
 The Supreme Court has held that, when a state law default prevents the state court from reaching the merits of a federal claim, considerations of comity and concerns for the orderly administration of justice require a federal court to forego the exercise of its habeas corpus power unless the habeas petitioner can demonstrate both cause for failing to meet the state procedural requirement and actual prejudice. See Francis v. Henderson, 425 U.S. 536, 542 (1976); Wainwright v. Sikes, 433 U.S. 72, 87 (1977); Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991).
 Hawkins' ineffective assistance of counsel claim was procedurally barred in the Washington courts by R.C.W. 10.73.090, which requires that a collateral attack on a judgment and sentence be brought within one year after the judgment becomes final. The record before this Court indicates that Hawkins has failed to demonstrate either cause for, or actual prejudice resulting from, his failure to comply with R.C.W. 10.73.090. Accordingly, we conclude that the district court properly declined to exercise its habeas corpus power over Hawkins' ineffective assistance of counsel claim.
 B. The Remaining Claims
 The district court found Hawkins' remaining habeas claims to be an abuse of the writ pursuant to McCleskey v. Zant, 499 U.S. 467 (1991). Under McCleskey,
 [w]hen a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner abused the writ.... To excuse his failure to raise the claim earlier, the petitioner must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in [the Supreme Court's] procedural default decisions.... If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.
 
 
 1
 Id. at 494-95.
 
 
 2
 To meet the "fundamental miscarriage of justice exception," the Supreme Court has held that a petitioner must show that the alleged constitutional violation "probably resulted in the conviction of one who was innocent." See Schlup v. Delo, 115 S.Ct. 851, 867 (1995).
 
 
 3
 On the record before us, we conclude that the district court properly found Hawkins' remaining claims to be an abuse of the writ. Hawkins has failed to demonstrate cause, as that term was defined in McCleskey, see 111 S.Ct. at 1470, for his failure to bring claims 1, 2, 3, 5, 6, 7 and 8 in his first petition. He has likewise failed to demonstrate that a "fundamental miscarriage of justice" will result from the denial of his habeas corpus petition.
 
 III.
 
 4
 For the foregoing reasons, the district court's decision is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3