NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD TURNER, | No. 07-56201 |
| Petitioner - Appellant, | D.C. No. CV-04-09408-JVS |
| v. | |
| ROBERT HERNANDEZ, Warden, Richard J. Donovan Correctional Facility, | MEMORANDUM * |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 8, 2009
Pasadena, California

Before:     W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON, **
            District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.


\*\*      The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

Gerald Turner was convicted in California state court of multiple counts involving two unrelated rapes, both of which also involved kidnapping. Having exhausted his state court remedies, Turner now challenges the district court's decision to deny his petition for habeas relief as to his sentence.

The provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to a petition for writ of habeas corpus, like Turner's, filed in federal court after April 24, 1996. The relevant provision of AEDPA limits the granting of federal writs of habeas corpus to circumstances where the state proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Turner argues that his sentencing violated the rule from *Blakely v. Washington*, 542 U.S. 296, 301 (2004), that aggravating factors other than a prior conviction must be found by the jury beyond a reasonable doubt.

In order to merit habeas relief under the "contrary to" clause of AEDPA, a petitioner must show not only that the state court failed to apply clearly established Supreme Court law but also that the error had a substantial or injurious effect on the sentencing under the standard in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Under that standard, we must grant relief if we are in 'grave doubt' as to

2

whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).

Where, as here, the California Supreme Court denies the habeas petition without comment, we review the opinion by the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the California Court of Appeal noted errors by the sentencing court but held those errors harmless. We agree. Although the sentencing court appears to have relied on some facts that, under *Blakely*, should ordinarily be found by the jury, we do not have "grave doubt" that the jury would have found one of several possible aggravating factors beyond a reasonable doubt. Accordingly, we affirm the district court's decision to deny Turner's habeas petition.

**AFFIRMED.**