UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH ALAN FISCHER, | No. 12-56105 |
| Petitioner - Appellant, | D.C. No. 8:09-cv-00126-AG-JEM Central District of California, Santa Ana |
| v. | |
| EDMUND G. BROWN, Jr.; FRANK X. CHAVEZ, | ORDER |
| Respondents - Appellees. | |

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[*]

Petitioner's Petition for Panel Rehearing is GRANTED. The memorandum

disposition filed on June 9, 2014 is AMENDED as follows.

The first paragraph states:

Petitioner appeals the district court's denial of his 28 U.S.C. §
2254 habeas corpus petition challenging his conviction and sentence
as cruel and unusual punishment in violation of the Eighth
Amendment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and
we affirm.

---

[*] The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

The first paragraph is deleted in its entirety and replaced with the following language:

Petitioner appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence because of prosecutor misconduct resulting in a denial of his rights under the Due Process Clause of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

**IT IS SO ORDERED.**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH ALAN FISCHER,

               Petitioner - Appellant,

   v.

EDMUND G. BROWN, Jr.; FRANK X.
CHAVEZ,

               Respondents - Appellees.

No. 12-56105

D.C. No. 8:09-cv-00126-AG-JEM

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 4, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and KORMAN, Senior District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Petitioner appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence because of prosecutor misconduct resulting in a denial of his rights under the Due Process Clause of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. AEDPA restricts federal courts from granting a writ of habeas corpus to a petitioner in custody after a state court judgment on the merits unless the petitioner can show that the state court's last reasoned adjudication of the petitioner's federal claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA review is "highly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citation omitted). When considering a habeas petition, we "look through" the silent state court decision to the last reasoned decision of a lower state court, applying AEDPA to that decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991).

Fischer contends that his conviction and 12-year sentence for robbery, assault with a deadly weapon, and assault with a firearm were unfair because the prosecutor committed misconduct by: (1) making improper arguments regarding evidence; (2) commenting on Fischer's silence under *Griffin v. California*, 380 U.S. 609 (1965); and (3) misstating the reasonable doubt standard and improperly shifting the burden of proof.

The California Court of Appeal, Fourth Appellate District affirmed Fischer's conviction and sentence on December 20, 2007. That court found that although the prosecutor committed inadvertent misconduct in discussing potential DNA evidence and misstating the reasonable doubt standard, any misconduct was non-prejudicial because the trial court closely managed the prosecutor and issued proper instructions to the jury. The Court of Appeal also concluded that no *Griffin* violation occurred because California law lets prosecutors point out that material evidence is not presented by the defense where one would expect it to be available. *See People v. Bradford*, 939 P.2d 259 (Cal. 1997). Finally, the Court of Appeal found no prosecutorial misconduct when the prosecutor referred to the defense's arguments as "scare tactics," noting the leeway both sides are given in closing arguments and the particular context of the discrete comments. The California

Supreme Court denied Fischer's petition raising the same claims without comment on March 12, 2008.

In examining the prosecutor's alleged misconduct, the "relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted). This a demanding standard. Even when prosecutorial misconduct occurs, habeas relief will only be granted if a petitioner can establish that the error "'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

We hold that the California Court of Appeal's decision is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d). First, Fischer's contention that the prosecutor committed misconduct under *Berger v. United States*, 295 U.S. 78 (1935), *overruled on other grounds by Stirone v. United States*, 361 U.S. 212 (1960), is misplaced because the Court of Appeal reasonably concluded that the prosecutor was not "vouching" for Officer Paqua or disparaging the defense counsel. *See Ceja v. Stewart*, 97 F.3d 1246, 1253–54 (9th Cir. 1996) (Counsel "are given latitude in the presentation of

4

their closing arguments, and courts must allow the prosecution to strike hard blows based on the evidence presented and all reasonable inferences therefrom." (quoting *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993))).

Second, the Court of Appeal reasonably concluded that the prosecutor did not commit misconduct in alluding to evidence not presented by the defense, and regardless, any potential misconduct was not prejudicial because "the trial court intervened, sustained objections, told the jury to base their decision on the evidence, and prevented further argument on this point." Third, the Court of Appeal's interpretation of *Griffin* is not an unreasonable application of Supreme Court precedent because "[a] prosecutor may properly comment upon the defendant's failure to present exculpatory evidence, so long as it is not phrased to call attention to the defendant's own failure to testify." *United States v. Soulard*, 730 F.2d 1292, 1306 (9th Cir. 1984).

Finally, we reject Fischer's argument that the prosecutor's misstatement of the reasonable doubt standard was prejudicial. The United States Supreme Court has told us that courts may presume that juries abide by instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Fischer's claim fails because he presents no evidence suggesting that the jury departed from the correct reasonable doubt instructions it received orally and then in writing upon entering deliberations.

5

**AFFIRMED**.