**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERNEST N. LOTCHES,

        Petitioner - Appellant,

  v.

JEFF PREMO, as Superintendent, Oregon State Prison,

        Respondent - Appellee.

No. 24-2652

D.C. No.
6:14-cv-00369-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted August 19, 2025[**]
Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District Judge.[***]

Ernest Lotches appeals the district court's order denying his 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

§ 2254 petition for a writ of habeas corpus following his criminal conviction related to the 1992 killing of William Hall and subsequent death sentence.[1] Lotches raises both certified and uncertified issues on appeal. We have jurisdiction over certified issues pursuant to 28 U.S.C. §§ 1291 and 2253. *See Hart v. Broomfield*, 97 F.4th 644, 648 (9th Cir. 2024) (stating jurisdiction for certified issues). We decline to expand the certificate of appealability, and we affirm.

1. Lotches argues that trial counsel was ineffective for failing to investigate Lotches's background and cultural heritage, for failing to raise a culturally attuned defense, and relatedly for failing to hire a cultural expert. Lotches argues that the Oregon Court of Appeals ("OCA") applied the *Strickland v. Washington*, 466 U.S. 668 (1984), standard of deficient performance in an objectively unreasonable way when it determined that his trial counsel was not ineffective.[2] The district court disagreed and denied Lotches's habeas petition.

We review the district court's denial of a 28 U.S.C. § 2254 petition de novo.

---

[1] Pursuant to Oregon Senate Bill 1013 and the Oregon Supreme Court's holding in *State v. Bartol*, 496 P.3d 1013, 1028–29 (Or. 2021), Lotches is no longer eligible for the death penalty and is serving a sentence of life-without-the-possibility-of-parole.

[2] In reviewing a habeas appeal we look to the "last reasoned decision" from a state court to determine the rationale for the state courts' denial of the claim. *Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). The Oregon Supreme Court summarily denied review of Lotches's petition. Therefore, this court looks through that denial to the last reasoned decision—here, the opinion of the OCA.

*Fauber v. Davis*, 43 F.4th 987, 996 (9th Cir. 2022). Under the Antiterrorism and Effective Death Penalty Act of 1996, which applies here, we can only grant habeas relief for claims adjudicated on the merits in state court if the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011).

"*Strickland v. Washington* and its progeny constitute the clearly established federal law governing claims of ineffective assistance of counsel." *Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) (en banc). Under the *Strickland* standard, a petitioner must show that "(1) his trial counsel's performance 'fell below an objective standard of reasonableness' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bible v. Ryan*, 571 F.3d 860, 870 (9th Cir. 2009) (quoting *Strickland*, 466 U.S. at 688, 694 (1984)).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). To succeed on such a claim, the petitioner must show that the state court "applied *Strickland* to the facts of his case

in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002); *see also Richter*, 562 U.S. at 105 (stating that the "question is not whether counsel's actions were reasonable," but rather, "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard").

In its opinion, the OCA addressed only the issue of deficient performance, declining to reach the prejudice prong of the *Strickland* analysis. Accordingly, the only question before us is whether the OCA applied the *Strickland* standard of deficient performance to the facts of this case in an objectively unreasonable way. *Bell*, 535 U.S. at 699. We find that it did not.

"The Supreme Court has repeatedly made plain that counsel has the 'duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Weeden v. Johnson*, 854 F.3d 1063, 1069 (9th Cir. 2017) (quoting *Strickland*, 466 U.S. at 691). Here, there is no indication that Lotches's trial counsel ran afoul of this requirement. The record demonstrates that trial counsel investigated Lotches's successful use of the insanity defense in prior cases, and that counsel investigated portions of Lotches's background, including aspects of his culture. The OCA found that trial counsel discovered through their investigation a great deal of information about Lotches's life and personal background, including his dysfunctional family, abusive childhood, and alcohol abuse. The OCA also found that trial counsel attempted to elicit

4

information from Lotches about his family and background despite Lotches's reluctance to share. On these facts, it was not objectively unreasonable for the OCA to conclude that this investigation met the *Strickland* standard.

Lotches's reliance on *Porter v. McCollum*, 558 U.S. 30 (2009), and *Rompilla v. Beard*, 545 U.S. 374, 383 (2005), is unpersuasive. In *Porter*, the Supreme Court held that counsel was deficient because he "failed to uncover and present any evidence of Porter's mental health or mental impairment, his family background, or his military service." 558 U.S. at 40. In finding counsel's performance deficient, the Court noted that counsel "ignored pertinent avenues for investigation of which he should have been aware." *Id.* Indeed, "counsel did not even take the first step of interviewing witnesses or requesting records." *Id.* at 39. The same cannot be said here. Lotches's counsel focused their investigation on the most obvious defense—insanity. In so doing, counsel investigated Lotches's mental health history, his family background, and portions of his cultural heritage. Trial counsel did not ignore "pertinent avenues for investigation." *Id.* at 40.

In *Rompilla*, the Supreme Court held that counsel was deficient in failing to review court files of Rompilla's prior convictions despite knowing that the state intended to seek the death penalty by using specific evidence of Rompilla's criminal history. 545 U.S. at 383–84. As the Court explained, it was "difficult to see how counsel could have failed to realize that without examining the readily

24-2652

available file they were seriously compromising their opportunity to respond to a case for aggravation." *Id.* at 385. Counsel should have learned what the prosecution knew about the crime, what mitigating evidence would be downplayed, and what aggravating evidence would be emphasized. *Id.* at 385–86. The situation here is entirely different. Here, trial counsel did not ignore obvious records related to a key aspect of the state's case. Instead, Lotches's trial counsel focused on a defense that would attack a central component of the state's case—whether he had the requisite mens rea to commit the charged offenses. In doing so, trial counsel investigated Lotches's medical history and past cases in which he had successfully raised an insanity defense. Trial counsel also retained experts who had treated Lotches and testified previously on his behalf. In sum, neither *Porter* nor *Rompilla* support Lotches's claim that the OCA applied *Strickland* and its progeny in an objectively unreasonable way.

Finally, Lotches faults trial counsel for failing to include in his defense more significant aspects of his cultural heritage and for failing to hire a cultural expert. But the OCA found, *inter alia*, that presenting a more culturally attuned defense would have conflicted with the evidence in the case, including Lotches's own recollection of the events. Moreover, Lotches's counsel observed in post-conviction proceedings that even if they had known more about Lotches's culture they would not have incorporated it into the defense because it did not fit the facts

of the crime and presenting it could have risked losing credibility with the jury. On this record, there is no basis to conclude that *Strickland* or its progeny required counsel to present a more culturally attuned defense. It necessarily follows that trial counsel also was not required to call a cultural expert to buttress such a defense. Therefore, the OCA did not misapply *Strickland* in concluding that counsel was not deficient for failing to present a culturally attuned defense or for failing to hire a cultural expert.

2. We next address Lotches's uncertified issue. Lotches argues that we should address whether the trial court's failure to hold a competency hearing prior to trial violated his due process rights. The district court found this claim procedurally defaulted and subject to no exception to the default rule. The Supreme Court has made clear that "a federal court may not review a claim a habeas petitioner failed to adequately present to state courts, unless he shows cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation." *Shoop v. Twyford*, 596 U.S. 811, 823 (2022) (internal quotation marks omitted). Lotches presents no argument that he adequately presented this claim to the Oregon Supreme Court and provides no showing of excuse for failure to comply. Therefore, we decline to expand the certificate of appealability to include this claim.

**AFFIRMED.**

24-2652