**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID MARTINEZ CASTILLO, | No. 12-16221 |
| Petitioner - Appellant, | D.C. No. 1:11-cv-01289-LJO-BAM |
| v. | |
| CONNIE GIPSON, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted September 9, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

David Martinez Castillo appeals the dismissal of his petition for a writ of

habeas corpus. We exercise jurisdiction under 28 U.S.C. § 2253 and affirm.

**1.** Castillo contends that the trial court failed to conduct the "sensitive

inquiry" required under *Batson*'s third step. *Batson v. Kentucky*, 476 U.S. 79, 93

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(1986). But we need not address whether the trial court properly conducted that analysis, for this Court reviews the last reasoned state-court decision that adjudicated Castillo's *Batson* claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Here, that decision is the opinion of the California Court of Appeal affirming Castillo's conviction on direct review. Because the California Court of Appeal fully adjudicated Castillo's *Batson* claim and conducted the "sensitive inquiry" required at step three of that analysis, we conclude that the California Court of Appeal's decision was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

2.      Castillo further claims that the California Court of Appeal's decision affirming his conviction "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). The California Court of Appeal conducted a comparative juror analysis and concluded that such an analysis "fails to demonstrate the prosecutor's nondiscriminatory reasons for excusing the jurors were pretextual." After conducting our own comparative juror analysis, *see Murray v. Schriro*, 745 F.3d 984, 1007 (9th Cir. 2014), we conclude that, despite asserted similarities, all of the potential jurors excused by the prosecution were materially distinguishable from those jurors actually sworn.

2

Accordingly, we conclude that the California Court of Appeal's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**