SUTTON, Circuit Judge,
concurring in part and concurring in the judgment.
I join all of the Court’s thorough opinion, save Section III.A. When Frazier procedurally defaulted his claim under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), by withdrawing it during the trial, that prompted two questions: Does AEDPA deference apply to the Ohio Supreme Court’s subsequent plain-error ruling with respect to Frazier’s Atkins claim? Does the nature of an Atkins claim necessarily excuse any default? Section III.A of the majority opinion answers no and yes. I would answer yes and no.
1. The majority reasons that state-court plain-error decisions never receive *506 AEDPA deference. That cannot be squared with Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), and Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 185 L.Ed.2d 105 (2013), which tell us to presume that state courts adjudicate federal claims on their merits in ambiguous situations. This claim is not even ambiguous. The Ohio Supreme Court found “no error, plain or otherwise” on. direct review, clearly rejecting the federal claim on the merits. State v. Frazier, 115 Ohio St.3d 139, 873 N.E.2d 1263,1291-92 (2007).
As I understand the majority’s contrary position, it is premised on the intuition that a federal habeas claim cannot be two things at the same time: procedurally defaulted under state law and adjudicated on the merits under federal.law. But intuition and federal habeas law do not always go together, and this is one of those occasions. In the course of enforcing a state-law procedural-default rule, a state court may well address the merits of the federal claim, as this case illustrates. Prong one of plain-error review under Ohio law, as under the law of other States, allows a state court to consider the merits of the forfeited claim. While the Ohio Supreme Court did not have to address this prong of the inquiry, it did, creating an adjudication on the merits. Claims like this one thus may be rejected on two grounds: that no cause and prejudice exists to excuse the procedural default or that the claim fails to satisfy AEDPA deference (even if the default is excused).
We have been down this road before, and Fleming v. Metrish, 556 F.3d 520 (6th Cir.2009), tells us how to navigate it. It makes clear as day that a state court’s plain-error review of an issue may receive AEDPA deference when the state court addresses the merits of the federal claim. Id. at 530-32. As it reminds us, the question of procedural default is “independent of the question of whether Congress requires deference pursuant to AEDPA.” Id. at 530. The one question concerns whether we can review the claim at all; the other concerns how we review it. The majority’s approach not only conflicts with our precedent but also with precedent from other circuits. Lee v. Comm’r, Ala. Dep’t of Com., 726 F.3d 1172, 1207-10 (11th Cir.2013); Douglas v. Workman, 560 F.3d 1156, 1170-71, 1177-79 (10th Cir. 2009).
One other thing. The majority sidesteps this approach in part by treating the Ohio Court' of Appeals’ post-conviction decision as the key state-court judgment at issue instead of the Ohio Supreme Court’s decision on direct appeal. In habeas proceedings, however, we review the last reasoned state-court judgment. See Ylst v. Nunnemaker, 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). The Ohio Court of Appeals did not issue a reasoned judgment because it declined to review Frazier’s Atkins claim on state-law res judicata grounds. See Cone v. Bell, 556 U.S. 449, 465-67, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009). By declining to treat the Ohio Supreme Court’s decision on direct review as the relevant one, the majority permits consideration of new evidence put before the Ohio Court of Appeals (the Social Security records and the Reinscheld affidavit). That is inconsistent with conventional habeas principles. See Cullen v. Pinholster, — U.S.-, 131 S.Ct. 1388, 1398, 1400 n. 7, 179 L.Ed.2d 557 (2011).
2. The majority separately concludes that procedural defaults do not apply to Atkins claims on “actual innocence” grounds. See Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); Sawyer v. Whitley, 505 U.S. 333, 336, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Because Atkins establishes that *507 the Constitution prohibits the imposition of capital sentences on the mentally disabled, the majority reasons, an inmate who can show by clear and convincing evidence that he was mentally disabled at the time of the crime will always be “actually innocent” of the death penalty and thus be excused from traditional cause-and-prejudice requirements for overcoming the default.
Two responses. First, this argument does not solve the problem identified above — that AEDPA deference applies to the Ohio Supreme Court’s adjudication on the merits of the Atkins claim. Frazier cannot show that the state court’s ruling was unreasonable, as the majority surely agrees because it rejects that claim even without applying deference.
Second, the majority places more weight on Sawyer and Herrera than they can bear. The death-row inmate in Sawyer sought to avoid procedural default of potential Brady and Strickland claims by arguing that, but for the alleged violations, he could have introduced evidence negating a state-law element of death-penalty eligibility. The Supreme Court agreed with his logic but held that he failed his own test. Sawyer, 505 U.S. at 352, 112 S.Ct. 2514. That test, the Court later explained, requires the petitioner to “seek excusal of a procedural error [i.e., a procedural default] so that he may bring an independent constitutional claim challenging his conviction or sentence'” Herrera, 506 U.S at 404, 113 S.Ct. 853 (emphasis added). That is not this case. Frazier offers a gateway claim of actual innocence (that he was actually innocent of the death sentence given his mental acuity) but no “independent constitutional claim” attached to it. Without the one, he cannot bring the other. Otherwise, the concept of procedural default would never apply to Atkins claims — a remarkable irony given the Court’s decision to delegate to state courts the best way to implement and enforce Atkins, 536 U.S. at 317, 122 S.Ct. 2242 (“[W]e leave to the States the task of developing appropriate ways to enforce the constitutional restriction upon their execution of sentences.” (internal quotation marks omitted)), and a remarkable irony given the “well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts,” Wainwright v. Sykes, 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
For these reasons, I join all but Section III.A of the majority opinion.