**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUMBERTO DIAZ, | No. 15-15245 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01095-WBS-AC |
| v. | |
| G.D. LEWIS, Warden, and XAVIER BECERRA, Attorney General, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 16, 2017
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,** District Judge.

California state prisoner Humberto Diaz appeals from the district court's

judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to

28 U.S.C. § 2253, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

In January 2006, Diaz was involved in a gang shooting in Sacramento, California. Following a jury trial, he was convicted of three counts of attempted murder on aiding-and-abetting theories. The sole question before us is whether the state court's determination that Diaz's counsel was not ineffective when she conceded during closing argument that Diaz said "get a gun" prior to the shooting was an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).[1]

"[W]e review *de novo* the district court's decision to grant or deny a petition for a writ of habeas corpus." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* at § 2254(d)(2).

---

[1] Although the district court denied a certificate of appealability as to all of Diaz's claims, this Court appointed counsel and granted Diaz's request for a certificate of appealability as to this single claim.

Because the California Supreme Court and the Court of Appeal summarily denied Diaz's postconviction claims, we "look through" to the last reasoned state-court decision, that of the Sacramento County Superior Court, as the basis for the state court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Cannedy v. Adams*, 706 F.3d 1148, 1159 (9th Cir. 2013).

To succeed on a claim for ineffective assistance of counsel, Diaz "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. However, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Under this "doubly" deferential standard, Diaz is not entitled to relief. The state court correctly cited *Strickland* and concluded that counsel's performance was not deficient, finding the record could support counsel's theory in closing that Diaz said "get a gun" only to scare off potential assailants. That "factual determination

3

is not unreasonable merely because" we might "have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Moreover, the state court "was not obligated to accept a self-proclaimed assertion by trial counsel of inadequate performance" after the fact. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (internal quotation marks omitted); *see also Strickland*, 466 U.S. at 689, 690 (assessing reasonableness "as of the time of counsel's conduct"); *Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995) (finding the "latter-day emergence of [counsels]' belief in their own incompetence runs afoul of the rule of contemporary assessment"). Nor was trial counsel required to obtain Diaz's consent in making her argument. *Florida v. Nixon*, 543 U.S. 175, 187 (2004); *see also Taylor v. Illinois*, 484 U.S. 400, 418 (1988) ("The adversary process could not function effectively if every tactical decision required client approval.").

**AFFIRMED.**